FILED

2014 Mar-05 PM 03:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **TERRI FRANKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO. 7:08-CV-1035-SLB** |
| ) | |
| **INDIAN RIVERS MENTAL HEALTH** ) | |
| **CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

On February 7, 2014, this court moved, *sua sponte*, for summary judgment on plaintiff's termination claims and ordered plaintiff to "file any and all argument and evidence in opposition to dismissal of her termination claims, addressing specifically why the doctrine of collateral estoppel does not bar plaintiff's termination claims." (Docs. 91 and 92.)[1] Plaintiff has responded and she has also filed a Motion for Certification to the Supreme Court of Alabama, (doc. 95), and a Motion for the Imposition of Sanctions Pursuant to 28 U.S.C. § 1927, (doc. 96). Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's termination claims are due to be dismissed as a matter of law and her Motion for Certification to the Supreme Court of Alabama, (doc. 95), and her Motion for the Imposition of Sanctions Pursuant to 28 U.S.C. § 1927, (doc. 96), will be denied.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Plaintiff, Terri Franks, has sued her former employer, Indian Rivers Mental Health Center, alleging, *inter alia*, violations of the interference and retaliation provisions of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, arising out of actions taken by Indian Rivers before and during her FMLA leave and the termination of her employment by Indian Rivers immediately following her return from FMLA leave. (*See generally* doc. 1.) In its Answer, defendant raised collateral estoppel as an affirmative defense, stating, "Plaintiff is collaterally estopped from challenging the reasons for her termination as those facts have already been adjudicated in an unemployment proceeding. (Doc. 4 at 12.)

Defendant moved for summary judgment on plaintiff's claims; however, it did not raise collateral estoppel as a ground for its motion. (*See generally* doc. 34.) The court granted defendant's motion in part, but it denied the motion as to plaintiff's FMLA interference claim and retaliation claim based on her termination. (*See* doc. 51 at 37, 49.)

Defendant included collateral estoppel in the parties' proposed Pretrial Order. As a result, the court asked the parties to brief the issue. (Doc. 66 ¶ 4.) Based on these submissions, the court found as follows:

> Indian Rivers terminated Franks on June 26, 2007. At that time, Indian Rivers's stated reason for the termination was, "Repeated failure to complete assigned objective (Treatment Plan Review Process) [and] Code of Conduct violation – No. 2; submitting claims that represent . . . services[,] all or part of which simply were not performed." (Doc. 35-1 at 34.) Thereafter, Franks filed a claim for unemployment compensation. (See 71-1 at 2.)

2

In response to her claim for unemployment compensation, DIR asked Indian Rivers to provide its "reason for separation." (*Id.*) Danielle Datcher, HR Assistant, stated that the reasons for Franks's separation were "Repeated failure to complete assigned objective [and] Code of Conduct violation – No. 2; submission of claims that represent . . . services[,] all or part of which were not performed." (*Id.*) On July 19, 2007, DIR sent Indian Rivers an Employer Notice of Determination, which stated Franks was "disqualified for receipt of benefits" pursuant to Ala. Code 25-4-78(3)(a). (Doc. 71-1 at 4.) This section provides, "An individual shall be disqualified for total or partial unemployment: . . . [i]f he was discharged or removed from his work for a dishonest or criminal act committed in connection with his work . . . ." Ala. Code § 25-4-78(3)(a).

After the denial of her claim for benefits, Franks requested a hearing, which was granted. DIR notified the parties that the hearing was set for August 24, 2007, on the following issues:

> Section 25-4-78(2) and/or 25-4-78(3) Code of Alabama 1975: Whether the claimant left the most recent bona fide work voluntarily without good cause connected with such work or was discharged for misconduct connected with the work.

(Doc. 71-1 at 6.) Despite notice, Franks did not attend the hearing. She contends she did not attend the hearing because she was "gainfully employed on the date of the hearing." (Doc. 73 at 3.)

On August 31, 2007, DIR issued its Decision on Unemployment Compensation Claim. (Doc. 71-1 at 8.) The Decision stated:

> APPEARANCES AT THE HEARING: Employer representative (No testimony taken)

> ISSUES(S): Whether the claimant was discharged or removed from work for a dishonest or criminal act committed in connection with work or for sabotage or an act endangering the safety of others or for the use of illegal drugs after previous warning or for the refusal to submit to or cooperate with a blood or urine test after previous warning. Section 25-4-78(3)(a) Code of Alabama 1975.

FINDINGS:  The nonappearance of the appellant and the absence of additional evidence requires the Administrative Hearing Officer to make a decision based upon the evidence contained in the file which consists of prior statements not under oath.

CONCLUSIONS:  Having examined and considered the evidence available and the applicable provisions of the Unemployment Compensation Law pertaining to the issue under consideration, the Administrative Hearing Officer finds no basis for any change in the Examiner's determination.

DECISION:  The Examiner's determination is affirmed.  The claimant remains disqualified under the provisions of Section 25-4-78(3)(a) of the Law. . . .

APPEAL RIGHTS:  This decision becomes final unless an application for leave to appeal to the Board of Appeals is received in writing . . . on or before the FINAL DATE OF September 17, 2007.

(*Id*.)  Franks did not appeal this decision.

(Doc. 91 at 2-4.)  The court entered an Order, moving, *sua sponte*, for summary judgment on plaintiff's termination claims and giving plaintiff notice and an opportunity to respond. (Doc. 92.)  The court now addresses those issues raised by plaintiff in response to the court's Order.

Franks contends the Hearing Officer "did not decide that [she] was terminated for dishonesty.  Indeed, the Hearing Officer made no determination of facts at all."   (Doc. 94 at 8.)  The court disagrees.  Under the heading "Findings," the Hearing Officer's Decision states, "The nonappearance of the appellant and the absence of additional evidence requires the Administrative Hearing Officer to ***make a decision*** based upon the evidence contained in the file which consists of prior statements not under oath."  (Doc. 71-1 at 8 [emphasis

4

added].)  In her Conclusions, she stated, "Having examined and considered the evidence

available and the applicable provisions of the Unemployment Compensation Law pertaining

to the issue under consideration" – whether Franks had been discharged by Indian Rivers for

a dishonest or criminal act committed in connection with work pursuant to Ala. Code 25-4-

78(3)(a),[2] "the Administrative Hearing Officer finds no basis for any change in the

Examiner's determination"  (*Id*.)  The court finds that the Hearing Officer determined that

Franks had been terminated for a dishonest act.[3]

Plaintiff contends that the decision of the Hearing Officer "was more like what would

be entered following a default judgment than the type of decision rendered after a full and

fair hearing."[4]  (Doc. 94 at 6-7.)  Under Alabama law, a judgment made on the merits but

---

[2]Section 25-4-87(c)(3) states:

An individual shall be disqualified for total or partial unemployment:

. . .

If he was discharged or removed from his work for a dishonest or criminal act
committed in connection with his work or for sabotage or an act endangering
the safety of others or for the use of illegal drugs after previous warning or for
the refusal to submit to or cooperate with a blood or urine test after previous
warning. . . .

Ala. Code § 25-4-78(c)(3).

[3]Indian Rivers gave two reasons for Franks's termination:  (1) "[r]epeated failure to
complete assigned objective," and (2) "submission of claims that represent . . . services all
or part of which were not performed."  (Doc. 71-1 at 2.)

[4]Plaintiff notes that the Alabama Department of Industrial Relations did not provide
her with guidance on how to withdraw her claim.  However, Rule 480-1-4-.07(1) of the

without opposition is not a judgment by default.  *See Smith v. Lawyers Sur. Corp.*, 624 So. 2d 526, 527-28 (Ala. 1993).  In this case, the Hearing Officer stated that her decision was based on her examination and consideration of the evidence in the file.  (Doc. 71-1 at 8.) Nothing in that decision indicates that the Hearing Officer based her determination that plaintiff was disqualified on Franks's failure to appear.  Indeed, the Alabama Administrative Code allows the Hearing Officer to declare a default if a party fails to appear at the hearing. Ala. Admin. Code r. 480-1-4-.10.  Nowhere in the decision does she declare plaintiff in default.

Plaintiff had the burden to establish that she was entitled to unemployment benefits. She filed an appeal challenging the decision of the Examiner.  She did not appear at the appeal hearing and she did not withdraw her claim.  The Hearing Officer did not declare plaintiff to be in default.  Rather, the Hearing Officer stated in her decision that she had reviewed the record evidence and determined that plaintiff had been terminated for the reasons stated by the Examiner.  Therefore, this court finds that the Hearing Officer's decision was a decision on the merits and not a decision by default.

---

Alabama Administrative Code states, "An appeal may be withdrawn by the appellant at any time prior to the issuance of a decision with approval of the Hearing Officer before whom the matter is pending.  Requests for withdrawal of an appeal shall be stated in the record of the proceeding or shall be submitted in writing.  Such a withdrawal shall be construed to be a consent to abide by the administrative determination from which the appeal is taken and such determination shall have such effect as if no appeal had been filed."  Ala. Admin. Code r. 480-1-4-.07(1).

Franks also argues that a finding that she was terminated for a disqualifying reason was not necessary to the decision to deny her claim for unemployment benefits.  She argues:

> The decision of the Hearing Officer also fails to meet the fifth element necessary to find issue preclusion under Alabama law:  the findings on the issue to be estopped must have been necessary to the administrative decision.  Because Franks never appeared and no evidence was taken, it was not necessary for the Hearing Office to determine, in fact, whether or not Franks was terminated justly or unjustly.  Her failure to appear made that determination necessary.  Consequently, despite the fact that Franks may have had the opportunity to litigate the issue to be estopped (the third element of issue preclusion), the decision of the ADIR on appeal fails to meet the fourth and fifth necessary elements for the application of issue preclusion.

(Doc. 94 at 8 [internal citation and footnote omitted].)  The court disagrees with plaintiff's contention that, because the Hearing Officer could have denied plaintiff's claim by declaring a default or could have allowed plaintiff to withdraw her claim, it was not necessary for her to decide that plaintiff had been terminated for dishonest conduct.

According to Alabama law, "In order for the doctrine of collateral estoppel to apply to an issue raised in an administrative proceeding, [the court must find, *inter alia*,] the findings on the issues to be estopped were necessary to the administrative decision." *Wal-Mart Stores, Inc. v. Smitherman*, 743 So. 2d 442, 445 (Ala. 1999)(citations omitted), *overruled on other grounds by Ex parte Rogers*, 68 So. 3d 773 (Ala. 2010); *see also Wal-Mart Stores, Inc. v. Hepp,* 882 So. 2d 329, 332 (Ala. 2003), *overruled on other grounds by Ex parte Rogers*, 68 So. 3d 773.  The issue before the hearing officer was "[w]hether [Franks] was discharged . . . for a dishonest or criminal act committed in connection with work . . . ."  (Doc. 71-1 at 8 [citing Ala. Code § 25-4-78(3)(a)].)  The Hearing Officer found

that Franks was "disqualified under the provisions of [Ala. Code §] 25-4-78(3)(a)." (*Id.*) To find Franks disqualified under Alabama law providing for disqualification from unemployment compensation benefits for certain types of misconduct, the Hearing Officer necessarily had to find that she had been discharged based on such disqualifying misconduct. *See* Ala. Code 25-4-78(3)(a)("An individual shall be disqualified for total or partial unemployment: . . . "If he [or she] was discharged or removed from his work for a dishonest or criminal act committed in connection with his work . . . ."). Therefore, the decision of the Hearing Officer necessarily required a finding that Indian Rivers had terminated Franks for dishonest conduct. *See Hale v. Hyundai Motor Mfg. Alabama, LLC*, 86 So. 3d 1015, 1024 (Ala. Civ. App. 2012) ("[T]he unemployment-compensation proceeding[s] [at issue in *Hepp*, 882 So. 2d 329 and *Smitherman*, 743 So. 2d 442] had resulted in a determination that the employee had engaged in misconduct connected with his work, thus necessarily compelling the conclusion that the employer had a legitimate reason to terminate the employee's employment.").[5]

---

[5]The court notes that the *Hale* decision involved a plaintiff/employee's attempt to use an unemployment decision in his favor as collateral estoppel in a retaliatory discharge case. In *Hale*, the Alabama Court of Civil Appeals held:

> ***Although a conclusion that an employee committed misconduct necessarily compels the conclusion that a legitimate reason for discharge exists, the reverse is not also true.*** . . . Thus, the conclusion that Hale[, plaintiff/employee,] had not committed misconduct sufficient to disqualify him from receiving benefits under the unemployment-compensation statute cannot be used to compel the conclusion that HMMA[, defendant/employer,] is unable to proffer Hale's violation of the attendance, bereavement-leave, and

Franks also contends that application of collateral estoppel in the case is not mandatory. Specifically, she contends, "Parties who seek equity are expected to be diligent in their attempt to protect their rights. Defendant Indian Rivers' intentional and inordinate delay in raising its issue preclusion arguments justifies the application of laches to bar Defendant from asserting its issue preclusion argument in this case." (Doc. 94 at 10.)

"The initial question of whether collateral estoppel is available . . . is a legal question." *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989). Thereafter, the court may consider mitigating factors, including whether the precluded party "did not have the initiative in the prior action," and whether the prior judgment was by default. *Id.* (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979); *Hercules Carriers v. Claimant State of Florida*, 768 F.2d 1558, 1582 (11th Cir. 1985)); *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 821-22 (11th Cir. 1985); *see also In re Bush*, 62 F.3d 1319, 1325 n.8

---

serious-misconduct policies as legitimate reasons for Hale's discharge. That is, even if Hale's violation of those policies does not rise to the level of misconduct under the unemployment-compensation statute, that fact does not compel the conclusion that HMMA's reliance on Hale's violation of those policies does not form a legitimate reason for the termination of Hale's employment and most assuredly does not compel the conclusion that HMMA's proffered reason is a pretext for an otherwise impermissible discharge of Hale from HMMA's employment in retaliation for filing a workers' compensation claim. ***We therefore reject Hale's argument that HMMA is collaterally estopped from proffering Hale's violation of the attendance, bereavement-leave, and serious-misconduct policies as a legitimate reason for his discharge***.

*Hale*, 86 So. 3d at 1025 (emphasis added).

(11th Cir. 1995).  However, the court may not refuse to apply collateral estoppel "merely because it believes that injustice might result."  *Dillard v. Crenshaw County*, 640 F. Supp. 1347, 1367 (M.D. Ala. 1986)(quoting *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)).

Franks contends that she should not be precluded from challenging her termination based on Indian Rivers's failure to file a timely Motion for Summary Judgment on the basis of collateral estoppel.  The court agrees that failure to timely raise the defense of collateral estoppel may bar its assertion.  However, in the cases cited by plaintiff, the waiver of an affirmative defense of collateral estoppel is limited to three circumstances:  (1) when the affirmative defense is not included in the Answer,[6] (2) when it is not available at the time the

---

[6]*See Davignon v. Clemmey*, 322 F.3d 1, 15 (1st Cir. 2003);  *see also Day v. Liberty Nat. Life Ins. Co.*, 122 F.3d 1012, 1015 (11th Cir. 1997)(failure to plead affirmative defense, as required by Fed. R. Civ. P. 8(c), constitutes a waiver of the defense, discussing failure to plead statute of limitations).

Plaintiff also cites *North Pacifica, LLC v. City of Pacifica*, 366 F. Supp. 2d 927, 930 (N.D. Cal. 2005), for the proposition that "while defendant listed preclusion as an affirmative defense in its answer, the defendant waited 'until more than a year after the earlier proceedings to which it attributed preclusive effect' to raise the preclusion argument." (Doc. 94 at 14.)  However, this snippet does not provide sufficient context for this holding.  In *North Pacifica*, the defendant had "listed preclusion as an affirmative defense in its answer;" however, defendant's "allegation was conclusory and failed to provide clear notice of the particular nature of the preclusion argument" or arguments.  *North Pacifica*, 366 F. Supp. 2d at 930.  Thereafter, it had "argued that [plaintiff] was precluded by the doctrine of collateral estoppel from challenging the constitutionality of Condition 13(b) because a state court had previously held that [plaintiff] failed to challenge the conditions of approval, including Condition 13(b), within the statute of limitations."  *Id.* at 928.  After a trial on the issue of liability, defendant argued "there is preclusion – claim preclusion as well as issue preclusion – not based on the state court decision but rather based on the decision of the City Council

Answer is filed and it is not raised within a reasonable time after it becomes available,[7] or

(3) when it is not raised in opposition to a Motion for Summary Judgment.[8]   The Federal

Rules of Civil Procedure require a defendant to assert its affirmative defenses in its Answer;

the Rules do not require a defendant to file a Motion for Summary Judgment.[9]   Rule 8(c)(1)

states:  "In responding to a pleading, a party **must** affirmatively state any avoidance or

affirmative defense, including . . . estoppel [and] res judicata . . . ."  Fed. R. Civ. P.

---

to approve Condition 13(b), which [plaintiff] failed to challenge via an administrative writ."
*Id*.  Under these circumstances, the court found that defendant had waived its preclusion
defense – "Given the unfair surprise to NP and the undue delay by the City, the Court finds
it appropriate to deem the . . . preclusion argument [based on the City Council's decision]
waived."  *Id*. at 930.

[7]*See Arizona v. California*, 530 U.S. 392, 413 (2000); *Aetna Cas. & Sur. Co. v. Gen.
Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992); *Home Depot, Inc. v. Guste*, 773 F.2d
616, 620 n. 4 (5th Cir. 1985).  *But see Cotton States Mutual Insurance Co. v. J.O. Anderson*,
749 F.2d 663, 665-66 (11th Cir. 1984)("We recognize that appellee did not raise [the] issue
[of collateral estoppel] at the trial level; nevertheless we also recognize that appellee was
unable to do so because of the parallel progression of the two cases in which the
constitutional objections were made.  The parties at bar filed their briefs in the instant case
prior to the time that the state court decision, which held adversely to appellant on the
constitutional claims, was issued.  Under these circumstances, we hold that the collateral
estoppel issue, though not raised in the district court, was not waived.")(footnote omitted).

[8]*See Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012).

[9]In *Shewbridge v. El Dorado Irrigation Dist.*, No. CIV. S-05-0740 FCD EFB, 2007
WL 1294392, *3 (E.D. Cal. April 30, 2007), (cited by plaintiff, doc. 94 at 14), the district
court denied defendants' request to assert their affirmative defense of collateral estoppel after
their summary judgment motion had been denied.  However, in that case, the pretrial
scheduling order contained a specific admonition to the parties, which stated, "The parties
are cautioned that failure to raise a dispositive legal issue that could have been tendered to
the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute
waiver of such issue."  *Id*. at *1.  This court's Scheduling Order does not contain such an
express warning, although it will in the future.

8(c)(1)(emphasis added).   On the other hand, Rule 56(a) states, "A party *may* move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought."   Fed. R. Civ. P. 56(a)(emphasis added).   If defendant is not required to file a Motion for Summary Judgment, the court cannot bar an affirmative defense simply because it was not raised by a Motion for Summary Judgment.

Indian Rivers included collateral estoppel based on the unemployment proceeding as an affirmative defense in its Answer.   It asserted the defense in its proposed Pretrial Order, which occasioned the court's consideration of the affirmative defense and its *sua sponte* Motion for Summary Judgment.   Even though defendant could and should have moved for judgment as a matter of law based on collateral estoppel in its Motion for Summary Judgment or sooner, its failure to do so does not constitute waiver of its affirmative defense or an equitable ground for denying it relief.

The court finds that plaintiff's termination claims are precluded by the Decision of the Hearing Officer that Indian Rivers terminated her for dishonest conduct in connection with her work.   Therefore, plaintiff's termination claims will be dismissed.

In a separate Motion, plaintiff asks the court to certify a question to the Alabama Supreme Court.   "[F]ederal courts have discretion to certify novel, unsettled questions of state law to a state's highest court for resolution."   *Pittman v. Cole*, 267 F.3d 1269, 1289 (11th Cir. 2001)(quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997))(internal quotations omitted).

12

In her Motion for Certification, plaintiff states:

> While the Supreme Court of Alabama has held that collateral estoppel can apply to an issue raised in an administrative proceeding, the Court has not addressed, directly, whether the failure to appear at an administrative hearing qualifies for the application of issue preclusion. The Supreme Court has held, . . . that Alabama law does not afford collateral-estoppel/issue-preclusive effect to default judgments because default judgment, by its very nature, cannot satisfy the requirement that the issue has been actually litigated in a prior action.

(Doc. 95 at 1-2.)  In other words, plaintiff contends that

> the question currently pending before the Court – Whether the Hearing Officer's decision, to affirm the Claim Examiner's initial decision, amounts to an estoppel where Plaintiff did not appear at the hearing, no testimony was taken, and the Hearing Officer's decision was based upon Plaintiff's failure to pursue her appeal? – requires an interpretation of Alabama issue preclusion law best suited for the Supreme Court of Alabama.

(*Id.* at 2.)

However, as noted above, the court finds that the Hearing Officer's decision was a decision on the merits and not a decision by default.  Given that finding, the Alabama law applicable to the facts of this case is neither novel nor unsettled.

Alabama courts have addressed whether a Hearing Officer's decision regarding the qualification or disqualification of a claimant for unemployment compensation benefits precludes a subsequent proceeding to determine the reason defendant terminated plaintiff. *See Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 920-24 (Ala. 2007); *Ex parte Buffalo Rock Co.*, 941 So. 2d 273, 278 (Ala. 2006); *Hepp*, 882 So. 2d 329; *Smitherman*,

743 So. 2d 442;  *Hale, LLC*, 86 So. 3d at 1024.  Because this law is not unsettled, Franks's

Motion to Certify a Question to the Alabama Supreme Court will be denied.

Franks has also filed a Motion for Sanctions asking the court to sanction defendant

pursuant to 28 U.S.C. § 1927.  Section 1927  provides, "Any attorney or other person

admitted to conduct cases in any court of the United States or any Territory thereof who so

multiplies the proceedings in any case unreasonably and vexatiously may be required by the

court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

because of such conduct."  28 U.S.C. § 1927.  "An attorney multiplies the proceedings

unreasonably and vexatiously only when the attorney's conduct is so egregious that it is

tantamount to bad faith.  Bad faith is an objective standard that is satisfied when an attorney

knowingly or recklessly pursues a frivolous claim."  *Peer v. Lewis*, 606 F.3d 1306, 1314

(11th Cir. 2010)(quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239,

1241 (11th Cir. 2007))(internal quotation omitted).

The court finds that, as a result of defendant's failure to seek dismissal of plaintiff's

termination claims on the basis of collateral estoppel at an earlier stage of the proceedings,

Franks and her counsel, as well as Indian Rivers and the court, wasted time and resources

addressing plaintiff's termination claims on the merits and preparing for trial on those same

termination claims.  However, neither this court nor plaintiff ever informed defense counsel

that their affirmative defense was frivolous such that defendant's assertion of the defense

could be deemed unreasonable, vexatious, or reckless.

14

The Federal Rules of Civil Procedure require affirmative defenses to be asserted in a defendant's Answer; they allow a defendant to move for judgment as a matter of law. *Compare* Fed. R. Civ. P. 8(c) *with* Fed. R. Civ. P. 56(a). The Rules establish no obligation for a defendant to seek a summary judgment as a matter of law based on affirmative defenses raised in its Answer. Without such an obligation, defense counsel's failure to seek dismissal of plaintiff's termination claims based on collateral estoppel at the time it filed its Motion for Summary Judgment was not so egregious as to be tantamount to bad faith.

Therefore, plaintiff's Motion for Sanctions will be denied.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law as to plaintiff's termination claims. An Order granting defendant Summary Judgment as to plaintiff's termination claims and dismissing those claims with prejudice, as well as denying plaintiff's Motion for Certification to the Supreme Court of Alabama, (doc. 95), and her Motion for the Imposition of Sanctions Pursuant to 28 U.S.C. § 1927, (doc. 96), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 5th day of March, 2014.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

15